[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: PLAINTIFF'S MOTION TO MODIFY
The parties were divorced in the state of Wisconsin on April 13, 1993. The plaintiff, William Moore, presently resides in the state of Pennsylvania and the defendant, Beth Moore, and the two minor children presently reside in the state of Connecticut. As required by General Statute 46b-71(b), the plaintiff properly registered a certified copy of the Wisconsin judgment and now moves to modify his child support obligation by seeking a reduction in Wisconsin's order. The plaintiff's motion raises the following two issues: (1) whether Connecticut has jurisdiction to modify the Wisconsin court order of child support; and (2) whether Wisconsin or Connecticut child support guidelines should apply.
Neither party disputes the fact that this court has jurisdiction to modify Wisconsin's child support order. See General Statutes §§ 46b-86[1] and 46b-1.[2] The only remaining question is whether Connecticut or Wisconsin law should apply in determining whether the plaintiff's child support obligation should be modified. Under both Wisconsin and Connecticut law, child support obligations may be modified but the moving party must demonstrate a substantial change in circumstances. See Wis. Stat. § 767.32 and General Statute § 46b-86. The plaintiff contends that the increases in income for both the plaintiff and the defendant has resulted in a child support obligation in excess of the needs of the children and as such constitutes a substantial change in circumstances. The defendant, on the other hand, argues that the increase in income does not constitute a substantial change in circumstance so as to justify a decrease in the amount of child support the plaintiff should be paying under Wisconsin law.
The plaintiff argues that the Connecticut guidelines should apply and the defendant argues that the Wisconsin guidelines should apply. Under Wisconsin law, the plaintiff is required to pay 25% of his annual net income for the support of his two minor children. Wis. Guidelines § 767.32(1)(a). At the time of the divorce, the plaintiff's gross income was $78,000 per year. The defendant's gross yearly income was $21,000. The affidavits of both parties reveals that the plaintiff's gross yearly income at the time this motion was filed was $123,448 and the defendant's was $33,380. The plaintiff argues that this court CT Page 6649 should reduce his child support payments in accordance with an "extension" of the Connecticut guidelines. In other words, the plaintiff submitted a copy of the Connecticut guidelines based on current percentages for people earning in excess of the guidelines and urges the court to utilize these figures to determine his current obligations. The defendant argues that Wisconsin law is applicable pursuant to General Statutes § 46b-71(b).
"As used in sections 46b-70 to 46b-75, inclusive, "foreign matrimonial judgment" means any judgment, decree or order of a court of any state in the United States in an action for divorce, legal separation, annulment or dissolution of marriage, for the custody, care, education, visitation, maintenance or support of children or for alimony, support or the disposition of property of the parties to an existing or terminated marriage, in which both parties have entered an appearance." General Statutes §46b-70. "(a) Any party to an action in which a foreign matrimonial judgment has been rendered, shall file, with a certified copy of the foreign matrimonial judgment, in the court in this state in which enforcement of such judgment is sought, a certification that such judgment is final, has not been modified, altered, amended, set aside or vacated and that the enforcement of such judgment has not been stayed or suspended, and such certificate shall set forth the full name and last-known address of the other party to such judgment and the name and address of the court in the foreign state which rendered such judgment. (b) Such foreign matrimonial judgment shall become a judgment of the court of this state where it is filed and shall be enforced and otherwise treated in the same manner as a judgment of a court in this state; provided such foreign matrimonial judgment does not contravene the public policy of the state of Connecticut. A foreign matrimonial judgment so filed shall have the same effect and may be enforced or satisfied in the same manner as any like judgment of a court of this state and is subject to the same procedures for modifying, altering, amending, vacating, setting aside, staying or suspending said judgment as a judgment of a court of this state; provided, in modifying, altering, amending,setting aside, vacating, staying or suspending any such foreignmatrimonial judgment in this state the substantive law of theforeign jurisdiction shall be controlling." (Emphasis added.) General Statutes § 46b-71.
The plaintiff argues, in a supplemental brief, that General Statutes § 46b-86 mandates that there should be a decrease in CT Page 6650 child support because the statute provides in pertinent part that "there shall be a rebuttable presumption that . . . any deviation of fifteen percent or more from the guidelines is substantial." This however misses the point because based on the incomes of both parties this case is not a guidelines case as their joint net income falls outside the highest income spectrum of the guidelines. The plaintiff urges this court to accept a projection of the guidelines based on the percentages of support indicated by the guidelines. The court rejects this attempt to mold this case to fit within the guidelines. The fact that the father is a high income earner should not lessen the amount of support to the children. The children should benefit from the increase in the father's income just as the father benefits from that increase in income.
The plaintiff also urges this court to grant the motion to modify based on the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B. Under the act, the court would apply the law of the forum state, Connecticut. This argument, however, once again is premised upon a an extension of the guidelines based on the plaintiff's calculation utilizing the current guidelines. and projected the amount of support due if the guidelines extended to his income level. For the reasons discussed above, the court rejects the projecting guidelines model because this case does not fall within the guidelines in the first place.
For the foregoing reasons, the plaintiff's motion to modify child support is denied.
DRANGINIS, J.